UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

Eastern District of Kentucky
F I L E D
JAN 1 7 2007
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 06-45-GWU

AMANDA M. CORNETT, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

## INTRODUCTION

Amanda Cornett brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Cornett, a 21 year-old woman with a 12th grade education and no past relevant work history,[1] suffered from insulin dependent diabetes mellitus. (Tr. 14-15). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform the full range of light level work. (Tr. 19). Based upon application of Rule 202.20 of the Medical-Vocational Guidelines, the claimant could not be considered totally disabled. (Tr. 19).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

With regard to the ALJ's handling of the evidence relating to Cornett's

---

[1] The plaintiff testified that she worked 18-20 hours a week in the video rental department of a grocery store. (Tr. 231). This part-time work was found not to meet the definition of substantial gainful activity.

5

physical condition, the undersigned finds no error. Dr. James Ross (Tr. 201-202) and Dr. Calixto Hernandez (Tr. 203) each reviewed the record and opined that the plaintiff's physical problems were "less than severe." Such treating and examining sources as the the staff at St. Mary's Hospital (Tr. 121-131), the staff at the Lee Regional Medical Center (Tr. 132-150), and Dr. Abdulkader Dahhan (Tr. 151-155) did not identify the existence of more severe physical restrictions than those found by the ALJ. These reports provide substantial evidence to support the administrative decision.

Cornett asserts that the ALJ erred in rejecting the opinion of Janice Payne, a treating nurse-practitioner. Payne identified the existence of very severe limitations on an assessment form. (Tr. 207-210). However, the administrative regulations at 20 C.F.R. Section 404.1527(d)(2) indicate that for an opinion to binding on the administration, it must be issued by an "acceptable medical source." Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir. 1997). The administrative regulations at 2O C.F.R. Section 404.1513 do not list nurse-practitioners as an "acceptable medical source." The section does list nurse-practitioners as an "other" source whose opinion may be relied upon by the ALJ. 20 C.F.R. Section 404.1513(d)(1). An ALJ has the discretion to determine the appropriate weight to accord to the opinion of an "other" source who is not an "acceptable medical source." Walters, 127 F.3d at 530. In the present action, the ALJ stated that he was rejecting Payne's opinion because it was inconsistent with the claimant's reported complaints, her own examination findings and other evidence of record. (Tr. 17). This would appear a reasonable exercise of the ALJ's discretionary power and, so, the undersigned finds no error.

Cornett argues that the ALJ erred in failing to find that she suffered from a

6

"severe" mental impairment imposing at least some non-exertional limitations.[2] The plaintiff notes that Dr. Kevin Eggerman, an examining consultant, diagnosed a depressive disorder and opined that she would be "mildly to moderately" limited in responding appropriately to work pressures and "mildly" limited in such areas as interacting appropriately with the public, supervisors and co-workers as well as responding to changes in the work setting. (Tr. 161). The ALJ rejected Dr. Eggerman's opinion because it was inconsistent with her attendance at college[3] and ability to maintain part-time work. (Tr. 17). This would appear a sufficient rationale.

Instead, the ALJ relied upon the opinions of Psychologists Laura Cutler (Tr. 171) and Ann Demaree (Tr. 186), the non-examining medical reviewers, who each opined that Cornett's mental problems were not "severe." An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Demaree supported her opinion by noting that treatment records indicated that the claimant's depression had responded well to medication.[4] (Tr. 198). Demaree also reported that the plaintiff's Activities of Daily Living Questionnaire indicated that she was able to manage her money, attend community college, and perform household activities. (Tr. 198). Cutler stated that she did not believe Dr. Eggerman's report indicated

---

[2] If the claimant has non-exertional mental restrictions, the ALJ could not rely upon the Medical-Vocational Guidelines.

[3] Cornett reported taking 12 hours of classes at the time of the November, 2004 hearing. (Tr. 231-232).

[4] The plaintiff was treated for depression as well as for physical complaints by Payne and Dr. Michael Wheatley at Medical Associates of Southwestern Virginia. (Tr. 163-170).

7

the existence of a "severe" mental impairment. (Tr. 183). Under these circumstances, the Court finds that the ALJ could rely upon the opinions of the non-examiners.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ___17___ day of January, 2007.

G. WIX UNTHANK
SENIOR JUDGE